# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.B. and D.B.**

**No. 22-0149** (Kanawha County 19-JA-499 and 19-JA-500)

## MEMORANDUM DECISION

Petitioner Mother T.R., by counsel Sandra Bullman, appeals the Circuit Court of Kanawha County's January 21, 2022, order terminating her parental rights to A.B. and D.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem, Joseph H. Spano Jr., filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights instead of imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the governing law, the briefs, and the record presented, the Court finds that the circuit court erred in failing to set forth sufficient findings of fact and conclusions of law by written order or on the record to support termination of petitioner's parental rights. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to vacate and remand the matter for further proceedings consistent with this decision.

In August of 2019, the DHHR filed a child abuse and neglect petition against petitioner and the father. The DHHR alleged that an out-of-court case had been opened against the family due to the parents' drug abuse. The parents were offered services, which they completed, but the case was never designated as "closed" in the DHHR's recordkeeping system due to an oversight. Once the DHHR learned of the oversight, it assigned the matter to a Child Protective Services ("CPS") worker, who attempted to visit with the family on and off again for a period of two weeks in order to officially close out services. However, petitioner and the father refused to answer the door. Eventually, the CPS worker made contact with the family, and observed that the children

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

were filthy, covered in dirt and grime. A.B., then age five, was clothed only in underwear that had once been white in color but were black due to dirt and filth. A.B. further had a chronic lice infestation that had been ongoing for a period of months. The CPS worker toured the home and observed that the children had been riding a mattress down the stairs and that the mattress was black due to dirt. Other mattresses in the home were also black with filth. Trash was on the floor, the home was otherwise dirty and cluttered, and there was insufficient food in the home. The home also smelled of garbage and feces. The CPS worker advised the parents to clean the home. When the CPS worker returned at an undisclosed time later, the home was not clean. Based on the foregoing, the DHHR filed the instant petition. Petitioner waived her preliminary hearing.

Petitioner stipulated to the allegations contained in the petition in January of 2020, and the circuit court adjudicated her as an abusing parent based upon her stipulation. The court granted petitioner an improvement period. The DHHR prepared a series of court summaries from September of 2019 through January of 2021. According to the court summaries, petitioner was offered services such as parenting and adult life skills classes and supervised visitation contingent upon clean drug screens. The summaries indicated that petitioner had not been consistent with random drug screens, missed scheduled screens, and showed up to screen on the days she chose.

On January 21, 2021, the circuit court held a dispositional hearing. Petitioner did not attend but her counsel was present and represented her. The DHHR presented the testimony of a CPS worker, who recommended that petitioner's parental rights be terminated due to her "substantial lack of compliance in the court proceedings." The CPS worker testified that petitioner had not complied with services and was not complying with drug screens. At the beginning of the case, petitioner did not submit to screens as scheduled and showed up to screen on days she was not supposed to. Then, later in the proceedings, petitioner completely ceased screening. Likewise, petitioner initially complied with parenting and adult life skills classes but her participation "dropped off for over a year." The CPS worker stated that she reinitiated services after the prior hearing, but that petitioner had met with the service provider only twice. The only factual finding the court made on the record was that "[a]ll this time [petitioner has] had all the opportunities in the world . . . to rejoin the family together and [she] failed again and again."

Ultimately, the circuit court terminated petitioner's parental rights by a dispositional order entered on January 21, 2022, a year after the dispositional hearing. The order, which is a form document, contained no findings of fact. The form did, however, contain boxes which the court checked to note the court's findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future, that petitioner failed to follow through with rehabilitative services, that termination of petitioner's parental rights was in the children's best interest, and that there were no less drastic alternatives to the termination of petitioner's parental rights. Petitioner appeals the January 21, 2022, dispositional order.[2]

The Court has previously held:

---

[2]The father's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption by the maternal grandmother.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights. According to petitioner, termination of her parental rights was not justified under the circumstances and a less restrictive disposition would have been more appropriate and in the best interests of the children. Petitioner notes that the children were placed with the maternal grandmother and that "[t]here is no reason not to permit the legal status of the children to be such as allows [petitioner] to petition the circuit court for a modification upon a showing of a substantial change in circumstance." As such, petitioner contends that a guardianship with the grandmother would have been more appropriate to the termination of her parental rights.

We find that the circuit court failed to make adequate findings of fact and conclusions of law in writing or on the record to support its decision to terminate petitioner's parental rights. Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires that

[a]t the conclusion of the disposition hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to the appropriate disposition in accordance with the provisions of W. Va. Code § 49-4-604. The court shall enter a disposition order, including findings of fact and conclusions of law, within ten (10) days of the conclusion of the hearing.

West Virginia Code § 49-4-604(c) sets forth the various dispositions to be imposed at the conclusion of abuse and neglect proceedings. Relevant to petitioner's disposition, in order to terminate a parent's parental rights, the circuit court must find that "there was no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. W. Va. Code § 49-4-604(c)(6). This Court has held that

[w]here a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia

3

Code § [49-4-604] on the record or in the order, the order is inadequate.

Syl. Pt. 4, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001). Further,

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

*Id.* at 624, 558 S.E.2d at 623, Syl. Pt. 5. In *Edward B.*, we explained that "[c]lear and complete findings by the trial judge are essential to enable [the appellate court] properly to exercise and not exceed our powers of review." *Id.* at 632, 558 S.E.2d at 631 (citation omitted).

While the circuit court's dispositional order included checked boxes for the requisite findings as set forth in West Virginia Code § 49-4-604, the order lacks a single factual finding supporting a disposition of termination. Moreover, the circuit court's sole statement that petitioner was given the opportunity to remedy the conditions of abuse and neglect but failed to do so is insufficient to support such a decision. Due to the lack of factual findings, we find it necessary to vacate and remand the circuit court's final dispositional order for the limited purpose of entry of an order that contains sufficient findings of fact and conclusions of law for appellate review. Given the circuit court's failure to make sufficient findings and conclusions for meaningful review by this Court, we decline to address petitioner's argument that the circuit court should have imposed a less restrictive disposition than termination of her parental rights.

Accordingly, the circuit court's January 20, 2021, order, is hereby vacated and remanded for the limited purpose of entry of a new order consistent with this decision, Chapter 49 of the West Virginia Code, and the Rules of Procedure for Child Abuse and Neglect Proceedings.[3] The circuit court is directed to enter a new final order within the next thirty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and Remanded.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead

---

[3]This Court vacates the circuit court's dispositional order only as it relates to petitioner's parental rights.

4

Justice William R. Wooton
Justice C. Haley Bunn